CITY CENTER AUTO PARK COMPANY, a Corporation, Appellant, v. UTILITIES BUILDING CORPORATION, a Corporation, and JOHN C. LONG, Doing Business as LONG CONSTRUCTION COMPANY.—107 S. W. (2d) 1065.

Division One, July 30, 1937.

*Hanna & Hurwitz* for appellant.

*Henry S. Conrad, L. E. Durham, Hale Houts* and *Wright Conrad* for John C. Long, doing business as Long Construction Company.

*Johnson, Lucas, Landon, Graves & Fane, Ludwick Graves* and *Irwin Fane* for Utilities Building Corporation.

GANTT, J.—Action to recover $10,000 damages to plaintiff's garage business located in a building (96 x 100 ft.) occupied by it as tenant. The building was damaged in excavating for a new building on adjoining land. The first count of the petition sought damages for trespass on the leasehold. The second count sought damages for negligent conduct of defendants on the leasehold. It alleged the facts as in the first count and that defendants violated certain pleaded sections of the building code ordinance of Kansas City. At the close of plaintiff's evidence, it elected to stand on the first count. Judgment for defendants.

In January, 1930, plaintiff and its landlord were notified that in thirty days the Utilities Building Corporation would proceed to erect a building on the lots adjoining the east side of the building occupied by plaintiff. They also were notified to protect the garage building from damage that might result from excavation on said lots.

About April 1, 1930, at a conference between plaintiff's landlord and defendants, the landlord was advised by defendants' architects that if the east wall of the garage building were torn down and a temporary thin wall erected, there would be sufficient weight removed to prevent the garage building from caving into the excavation. They also advised that the foundation of the new building would be completed within sixty days and the temporary wall then removed. Plaintiff and his landlord agreed to the removal of the permanent wall and substitution of a temporary wall. Thereupon the landlord braced the roof of the garage building with eight by eight posts, removed the permanent wall to a short distance below the level of the concrete floor, and, according to evidence for plaintiff, constructed a temporary wall eighteen inches west of the property line. The evidence for defendants tended to show that at that time the temporary wall was constructed six feet west of said line.

About May 1, 1930, plaintiff's landlord, at the request of defendants, conferred with defendants' representatives with reference to supporting the garage building against the excavation. At the conference all the interested parties were represented except plaintiff, who was neither notified nor invited. Following the conference a letter from defendant Long to plaintiff's landlord asked permission to drive wooden piles in the garage building west of the property line. The letter stated that the floor and a portion of the north and south wall rested on filled ground and advised that if piles were not so driven the floor and walls might slide into the excavation. It also stated that the driving of piles would jar the building, but that he would be responsible for cracks in the north and south walls and for other damage to a designated point west of the property line, including damage to the floor, walls and roof of the garage building. It also stated that as soon as possible he would repair and attach the roof and north and south walls of the garage building to the new building. In answering said letter on May 8, 1930, plaintiff's landlord consented to the driving of piles under the terms and conditions of Long's letter of May 2, 1930. In said answer the landlord advised defendant Long that the consent was "subject to any dominion the tenant may assert."

On May 15 and 16, 1930, defendants drove forty-two piles at intervals of five feet and lengthwise of the building. The piles were driven five feet west of the property line of the garage building. The evidence for plaintiff tended to show that defendants moved the temporary wall from a position eighteen inches from the property line to six feet from the property line before driving the piles. The evidence for defendant tended to show that the temporary wall was constructed by plaintiff's landlord six feet from the property line. Plaintiff was neither advised nor consulted about the matter. It operated garages in different parts of the city under the control of a foreman. The garage in question was in charge of a night and day man. The foreman was "in and out" of the garages during the day. He saw defendants' men driving the piles but did not inform plaintiff's president, who was in the garage only a few minutes each day. The president testified that on four days he heard a terrific pounding and jarring which shook the building and cracked the concrete floor, but that he did not know the piles had been driven until the temporary wall was removed in December, 1930.

The east twenty-five feet of the floor of the garage building caved and was not usable from May 15, 1930, to the end of the year. Plaintiff contended that said condition was caused by driving the piles, removing the foundation of the east wall and removing the ground between the piles and the east property line. Defendants contended that the floor was supported by ground filled into a pond or creek

bed which was fed by a spring. They also contended that seepage and pumping of water caused the ground to dry and settle, leaving the floor unsupported. In due course defendant Long restored the garage building to a condition acceptable to plaintiff's landlord.

I. Plaintiff assigned error on Instruction D-3. It directed that if plaintiff's landlord, with plaintiff's consent, removed the east wall and supported the roof with a temporary wall, and plaintiff knew the purpose thereof was to permit defendants to use the six foot space between the temporary wall and the property line in protecting plaintiff's leasehold, and plaintiff did nothing to protect same, then defendant Long had the right to go upon said space, if reasonably necessary, to protect plaintiff's leasehold from damage.

There was no evidence tending to show that plaintiff knew that the purpose of the substitution of the temporary wall for the permanent wall was to permit defendants to use said space in protecting plaintiff's leasehold. On the contrary defendants advised plaintiff's landlord that the substitution would protect the building against the excavation. The instruction was erroneous.

II. Plaintiff also assigned error on Instruction D-4. It directed that if defendants notified plaintiff's landlord and plaintiff of their intention to excavate and that same might damage the property and plaintiff's leasehold, it was the duty of plaintiff's landlord and plaintiff to protect the property at their expense. If they failed to do so, defendant Long could enter the leasehold to the extent necessary to protect same, and if he did so and for said purpose only and exercised reasonable care, he was not liable, notwithstanding damage to the leasehold.

Defendants did not rely on the duty of plaintiff's landlord and plaintiff to protect the property. They advised plaintiff's landlord that if the permanent wall was removed and a temporary wall substituted, the property would not cave into the excavation. On this advice and with the consent of plaintiff, the landlord removed the permanent wall and constructed a temporary wall. Thereafter defendant Long sought and obtained permission of plaintiff's landlord to drive the piles, promising to repair the damage and restore the building. In other words, defendants did not enter the leasehold upon a failure of plaintiff to protect same, but entered under authority given by plaintiff's landlord. This instruction also was erroneous.

III. Plaintiff also assigned error on Instruction D-5. It directed that if plaintiff knew the permanent wall was removed and a temporary wall erected and that such was done to enable defendants

to protect the premises from damage and plaintiff consented thereto, and that defendant Long for said purpose only entered the premises and used reasonable care to protect same, the verdict should be for him.

There was no evidence tending to show that the permanent wall was removed and a temporary wall erected to enable defendants to protect the premises from damages. There was evidence tending to show that defendants advised plaintiff's landlord that the mere removal of the permanent wall and substitution of the temporary wall would prevent caving into the excavation. This instruction also was erroneous.

The instructions were prejudicial, and the judgment should be reversed and the cause remanded. It is so ordered. All concur, except *Douglas, J.*, not voting because not a member of the court when cause was submitted.